UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE P. HOLLAND,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>LOMPOC FEDERAL PRISON CAMP,<br><br>　　　　　Defendants. | Case No. EDCV 07-1434-VAP<br><br>EDCR01-11-VAP<br><br>**MEMORANDUM AND ORDER DENYING PETITIONER'S MOTION FOR RELIEF PURSUANT TO 28 U.S.C. § 2255  (IN CHAMBERS)** |

On or about October 31, 2007, <u>pro se</u> Petitioner Andre Holland filed this Motion for Relief Pursuant to 28 U.S.C. section 2255.  Respondent filed its Response to the Motion on January 28, 2008, and Petitioner filed a "Traverse to the Government's Response" on February 6, 2008.  In his Petition, Petitioner challenges his May 12, 2002 conviction for violation of 21 U.S.C. section 846 and 21 U.S.C. section 841(a)(1), for conspiracy to distribute cocaine base and distribution of more than 50 grams of cocaine base, respectively.  Petitioner's conviction followed his guilty plea on November 5, 2001 to those two charges, which were contained in Counts I and III of the Indictment.

**DISCUSSION**

On March 29, 2005, Petitioner filed a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255, Case No. EDCV 05-263, challenging the same convictions that are the subject of the present Motion, and arguing that his former counsel

had not afforded effective assistance because he failed to file a Notice of Appeal, The Court granted the Motion, in part, on July 21, 2006; vacated and re-entered the judgment in Petitioner's case; and thus reinstated the 10-day deadline under Federal rule of Appellate Procedure 4(b) for Petitioner to file a Notice of Appeal.

Petitioner now files this Motion, challenging the identical convictions that were the subject of his Motion brought in the 2005 case.  The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), enacted on April 24, 1996, provides in pertinent part that:

> (a) No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in §2255.
>
> (b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--
>
> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the     Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense.

  (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

  (B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.

  (C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.

  (D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.

  (E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a Petition for Rehearing or for a Writ of Certiorari.

  (4) A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section.  28 U.S.C. § 2244.

28 U.S.C. § 2244(b)(3) "creates a 'gatekeeping' mechanism for the consideration of second or successive applications in district court.  The prospective applicant must file in the court of appeals a motion for leave to file a second or successive habeas application in the district court.  § 2244(b)(3)(A)." Felker v. Turpin, 518 U.S. 651, 657, 116 S.Ct. 2333, 135 L.Ed 2d 827 (1996).

The instant Petition is a successive habeas corpus petition; it was filed on October 31, 2007, well after the effective date of the AEDPA.  Therefore, Petitioner was required to obtain authorization from the Ninth Circuit Court of Appeals before filing the present

1  Petition. See 28 U.S.C. §2244(b)(3)(A). It appears that no such authorization has been
2  obtained in this case. Thus, the Petition is dismissed on this basis.

## II. CONCLUSION

The Petition is dismissed as second and successive pursuant to 28 U.S.C. section 2244.

Dated:   October 17, 2008

*Virginia A. Phillips*
VIRGINIA A. PHILLIPS
United States District Judge